[Cite as *Snell v. Andrews*, 2013-Ohio-2915.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99205

## SHYRRA SNELL, ET AL.

PLAINTIFFS-APPELLEES

vs.

## DI'ANDRE ANDREWS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD 03901479

**BEFORE:** McCormack, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** July 3, 2013

**FOR APPELLANT**

Di'Andre Andrews, pro se
21131 Tracy Avenue
Euclid, OH 44123


**ATTORNEYS FOR APPELLEES**

**For Shyrra Snell, et al.**

Robert L. Tobik
Cuyahoga County Public Defender
By:   Salvatore Amata
Assistant Public Defender
1849 Prospect Avenue, E.
Suite 222
Cleveland, OH 44115

**For Cuyahoga Job and Family Services**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Yvonne C. Billingsley
Assistant County Prosecutor
3955 Euclid Avenue, Room 305E
Cleveland, OH 44115

By:   Jeffrey M. Heller
Assistant County Prosecutor
P.O. Box 93894
Cleveland, OH 44101

**For Shyrra Snell**

Shyrra Snell, pro se
4943 Banbury Court, Suite 5
Cleveland, OH 44128

**Guardians Ad Litem**

Michael B. Granito
24400 Highland Road
Suite 162
Richmond Hts., OH 44143

Brian W. Sharkin
Law Office of Brian Sharkin
P.O. Box 770824
Lakewood, OH 44107

TIM McCORMACK, J.:

**{¶1}** Defendant-appellant, Di'Andre Andrews ("Andrews"), appeals the trial court's adoption of the Cuyahoga Job and Family Services — Office of Child Support Services' ("CJFS") (f.k.a. Cuyahoga County Support Enforcement Agency or "CSEA"), recommendation of a modified child support order. For the reasons that follow, we affirm.

## Procedural History

**{¶2}** On July 30, 2012, CJFS conducted an administrative adjustment and review hearing regarding Andrews's child support order. As a result of this hearing, the CJFS recommended that Andrews's child support order should increase, effective August 1, 2012, from $100 per month to the following: $261.93 per month, plus $75 cash medical payment, when health insurance is not provided, and $291.33 per month when health insurance is provided. The recommendation included a child support computation worksheet.

**{¶3}** The CJFS's recommendation stated that all parties involved have a right to request an administrative adjustment hearing should the party or parties disagree with the results of the administrative review. The recommendation provides that such request "be received within fourteen (14) calendar days plus three (3) business days of the date this notice was mailed." The recommendation further provides that the new support order will be issued, incorporating the findings and recommendations, if no request for hearing is made. Neither party requested a hearing.

**{¶4}** On October 25, 2012, CJFS filed its recommendation with the juvenile court. The court, on November 1, 2012, adopted CJFS's recommendation and ordered the support obligation to be increased as recommended.

## Assignment of Error

The court erred by failing to properly record the father['s] earning[s], thus skewing the proper calculation of child support.

## Law and Analysis

**{¶5}** In his only assignment of error, Andrews argues that the trial court erred in calculating his income for purposes of adjusting his child support obligations, stating that his circumstances have changed and he has experienced a thirty percent decrease in income.

**{¶6}** A trial court's decision regarding a child support obligation falls within the court's discretion, and it will not be reversed on appeal absent an abuse of that discretion. *Pauly v. Pauly*, 80 Ohio St.3d 386, 390, 1997-Ohio-105, 686 N.E.2d 1108, citing *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). A trial court abuses its discretion when it exhibits an attitude that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶7}** R.C. 3119.60 through 3119.79 govern the administrative and judicial process of reviewing support orders. R.C. 3119.63 provides the procedure the child support enforcement agency must follow when reviewing a court child support order. It states that after the agency calculates a revised amount of child support, the parties have a

right to request an administrative hearing on the revised amount.   R.C. 3119.63(B).   It further provides that, "unless the obligor or obligee requests an administrative hearing on the proposed change within fourteen days after receipt of the notice * * *," the revised amount will be submitted to the court for inclusion in a revised court child support order. *Id*.

{¶8} R.C. 3119.65 vests the trial court with the authority to issue a modified order of child support when neither party requests a hearing on the revised amount. *DeJesus v. DeJesus*, 170 Ohio App.3d 307, 2007-Ohio-678, 866 N.E.2d 1145, ¶ 23 (9th Dist.).   The statute provides as follows:

> If neither the obligor nor the obligee requests a court hearing on a revised amount of child support to be paid under a court child support order in accordance with [R.C. 3119.63], the court shall issue a revised court child support order to require the obligor to pay the revised amount of child support calculated by the child support enforcement agency.

R.C. 3119.65.

{¶9} In this case, CJFS calculated a revised amount of child support and filed its reviewed findings and recommendation in accordance with the statute.   The record shows that the parties were notified of the recommendation.   There is no evidence in the record, however, that either party requested a hearing on the revised amount of child support.   In accordance with R.C. 3119.63, CJFS filed its recommendation with the juvenile court.   The court, thereafter, and pursuant to the mandates of the statute, adopted CJFS's recommendation and ordered the support obligation to be increased as recommended.

**{¶10}** Accordingly, we find the trial court did not abuse its discretion in adopting CJFS's recommendation.    Andrews's sole assignment of error is overruled.

**{¶11}** Judgment affirmed.

It is ordered that appellees recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR