[Cite as *Wells Fargo Bank, N.A. v. Rahman*, 2013-Ohio-5037.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Wells Fargo Bank, N.A., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-376 |
| v. | : | (C.P.C. No. 11CVE-1-1095) |
| Akim M. Rahman, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 14, 2013

*Thompson Hine LLP*, *Scott A. King*, and *John B. Kopf*, for appellee.

*Akim M. Rahman*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Akim M. Rahman ("appellant"), appeals from the May 2, 2013 judgment of the Franklin County Court of Common Pleas, wherein the trial court adopted the magistrate's decision granting judgment and foreclosure in favor of Wells Fargo Bank, N.A. ("Wells Fargo"). For the following reasons, we affirm.

{¶ 2} The present appeal stems from an action filed on January 25, 2011 by Wells Fargo seeking to recover the balance due on a promissory note and to foreclose upon a mortgage securing note by real property located at 4428 Trailane Drive, Hilliard, Ohio 43026. In its complaint, Wells Fargo alleged that appellant defaulted under the terms of the note secured by the mortgage, and the mortgage itself, owing $178,333.81, together with interest, plus court costs, advances, and other charges as allowed by law. The record

reflects appellant was served with the complaint on February 3, 2011, and his answer was due March 3, 2011.

{¶ 3}   Prior to the deadline for filing his answer, on February 22, 2011, appellant filed with the court a copy of a letter he had sent to counsel for Wells Fargo in response to a letter Wells Fargo's counsel had sent to him.  Appellant disputed the amount requested by Wells Fargo's counsel and requested additional information.  His letter did not refer to the complaint, nor did it respond to the allegations in the complaint.  Several months later, on August 8, 2011, appellant filed a document titled "Disclosure," in which he stated he was trying to reinstate the loan but had been unable to obtain information regarding the amount due.  Once again, the document did not refer to the complaint, nor did it dispute the allegations in the complaint.  The document indicated he was trying to obtain additional information.  Three days later, appellant filed a motion to order Wells Fargo to release detailed account information.  However, the motion did not indicate that appellant had requested the same information via discovery.  Appellant filed a second motion for the same on August 30, 2011.  On September 14, 2011, Wells Fargo filed a response, stating there was no need for an order because they had been providing appellant with information and they would comply with discovery requests if appellant served such requests upon Wells Fargo.

{¶ 4}   On February 8, 2012, Wells Fargo moved for summary judgment.  Ultimately, this motion was stricken from the record as untimely.  However, in response, on February 24, 2012, appellant filed a "Motion to include the attachment in the Court record of proceedings for future reference in case of justifying plaintiff's illegal ongoing acts that have so far created a miserable life to the Defendant."  He attached a copy of a letter addressed to Wells Fargo's counsel regarding Wells Fargo's "ongoing activities," including photographing his home and again requesting a breakdown of principal, interest, late fees, insurance, and property taxes from the date of default.  On March 5, 2012, Wells Fargo filed a reply brief.

{¶ 5}   On March 19, 2012, appellant filed two more motions to request information from Wells Fargo and to inform the court of an "intruder" who broke the lock on his front door and entered the property several days prior.  Appellant moved to dismiss the complaint on June 21, 2012.  In this motion, without requesting leave to file a

counterclaim for the same, appellant requested damages for trespass to his property. Wells Fargo filed a memorandum contra. Appellant filed a reply but did not file a motion for leave to file a counterclaim.

{¶ 6} On October 2, 2012, appellant moved for a jury trial. Wells Fargo filed a memorandum contra. Appellant filed a reply. The trial court referred the case to a magistrate for a bench trial. Several months prior to the bench trial, on November 13, 2012, appellant filed a motion for findings of fact and conclusions of law. The court denied the motion as premature. Numerous other motions and documents were filed by appellant.

{¶ 7} The bench trial was held on March 11, 2013. On that date, the magistrate issued a decision, including findings of fact and conclusions of law. The magistrate found appellant to be liable on the note and in favor of Wells Fargo on the foreclosure claim.

{¶ 8} On March 15, 2013, appellant filed objections to the magistrate's decision, which we summarize: (1) appellant objects the trial conducted by magistrate was biased; (2) he objects the magistrate did not give any weight to evidence presented by him; (3) he objects the magistrate excluded/suppressed cross-examination of Wells Fargo's witnesses regarding (a) trespass, (b) unfair practices, and (c) abuse of process. Further, he objects the magistrate threatened to hold him in contempt of court for his efforts to continue cross-examination regarding the same. Further, objects the magistrate supported its ruling to exclude/suppress evidence by referring to a ruling by Judge Bender which he asserts does not exist; (4) he objects the trial was conducted by a magistrate and not before a jury; (5) he objects the magistrate excluded/suppressed cross-examination of fees and penalties; (6) he objects he was precluded from testifying; and (7) he objects the magistrate's decision was short and pre-determined.

{¶ 9} Wells Fargo filed a response. On March 18, 2013, appellant filed a renewed motion for a jury trial. The trial court denied the motion, noting a bench trial had already been held. The trial court also found to be moot appellant's motion for findings of fact and conclusions of law, as the magistrate's decision already contained the same. The trial court noted appellant's objections to the magistrate's decision were pending. On March 21, 2013, appellant filed a "Motion for Dismissal of the Foreclosure Case and Grant a Recovery Judgment." On March 22 and 26, 2013, appellant filed motions requesting

leave to file counterclaims. On May 2, 2013, the trial court issued a decision denying appellant's objections and adopting the magistrate's decision. The court entered judgment in favor of Wells Fargo and issued a decree in foreclosure. This appeal followed.

{¶ 10} Appellant sets forth the following assignments of error:

> Assignment of *error* one (Improper application of rules, provisions, rights etc.)
>
> a. The Court entry judgment should have granted a mistrial and / or fashioned another appropriate remedy when the Court rulings (Judge Travis's ruling on Jury Trail, Judge Bender's ruling for Magistrate trial, Magistrate trial proceeding itself etc.) *erred* from.
>
> i. Not applying properly the provisions of the Civ. R. 15 (B); Civ. R. 39(A)(1) & Civ. R. 39 (B): A de novo standard of review to questions of law, discretion, and Judgment and other issues.
>
> ii. The denial of the US Constitutional rights (Amendment VII, Amendment VI and Amendment V & Amendment XIV), and individual rights under the Constitution of the State of Ohio.
>
> iii. Violation of Fair Credit Reporting (FCRA): after returning checks, the fees / charges / late fees were justified by the Appellee and it was reported to credit bureaus, which has caused a declined of credit score of Appellant.
>
> iv. Not observing Court's own ruling (rendered by Travis on time slot arrangement and its application (not observed by the bench trial) (a plain error in rulings).
>
> b. The utilization of Exclusionary Rule is contradictory to the ruling of the US Supreme Court (*See Scott*, 524 U.S. at 369; *Lopez-Mendoza*, 468 U.S. at 1050; *Janis*, 428 U.S. at 460; *Calandra*, 414 U.S. at 354; and 578 F.3d 627, 630 (7th Cir. 2009), which makes the ruling defective.
>
> Assignment of *error* two (Plain *errors*)
>
> a. Trial bench's decision was plain *error* and manifestly against the weight of the evidence for not finding that Appellee had motivationally returned the mortgage payment checks (three) to the Appellant in aim to justify its foreclosure

commencement and to undermine Appellant's credit worthiness in the financial market. However, the Court entry judgment relied on the defective bench trial ruling, which makes the entry judgment defective where the objections of trial bench ruling was filed on time under the Civ. R. 53 (D) (3)(b).

b. Trial bench's decision was plain *error* and manifestly against the weight of the evidence for not finding that Appellee had motivationally took over the property tax payment responsibility while Appellant's petition for penalty waiver was pending with the County Auditor Office. A note here is that since Appellant fell behind paying property taxes on time for the first time, the Appellant was entitled for penalty-waived by the Auditor Office. However, the Court entry judgment relied on the defective trial bench ruling, which makes the entry judgment defective where the objections of trial bench ruling was filed on time under the Civ. R. 53 (D) (3)(b).

c. In the Court entry judgment, the Court referred to defendant "Franklin County Treasurer's answers but did not appear ..." where the Court has weighted treasurer office's decision in this perspective mostly in the ruling. However, the Court failed acknowledging the fact that now the Treasurer office does not have answer on how the Appellee had taken over the tax payment responsibility while Appellant's petition for late fees waiver was pending for its decision. The concerns of this issue were raised in various motions and in bench trial; however, the Treasurer office is not addressing the issue. Therefore, treasurer office's decision in this perspective is <u>not controversy free</u>, which makes it to be defective. However, the Court mainly relied on it. Therefore, the Court entry judgment is defective.

<u>Assignment of error three</u> (Plain error or Omission of facts in Court rulings)

a. The claim of "no counter claim filed" in Court rulings is absolutely without merit, on which the Court entry judgment as well as the Magistrate rulings relied on. Therefore, trial bench ruling is defective on which the entry judgment relied on, therefore, the entry judgment is defective and incomplete where the objections of trial bench ruling was filed on time under the Civ. R. 53 (D) (3)(b).

b. The trespass was committed by the Appellee while the case was pending before the Court, therefore, the Appellee has committed Contempt of Court --- *an act of deliberate disobedience or disregard for the laws, regulations, or decorum of a public authority,* where few motions including counter claims were filed with the Court by the Appellant; however, the Court rulings have overlooked this issue without merit.

c. Violation of the Court's own ruling (rendered by Judge Travis) on time slot arrangement and its application for cross examination. The Appellant was barred cross examining the Appellee witness. Furthermore, Appellant was never allowed to present its side as a witness where Appellant is *Pro Se*, therefore, Appellant has rights to present as a Counsel as well as a witness of the Appellant claim. However, the Court failed acknowledging this, which might be an omission of facts in the ruling.

d. The captioned foreclosure case was tried by a bench trial, which makes the trial to be defective because the damage claim was over $500,000.00 + (See: Motion filed by Appellant with the Court on June 21 & 22 of 2012); however, a Magistrate trial jurisdiction only claim valued at $7500.00 or less.

Assignment of *error* four (ignorance of trespass issue: a plain *error*)

The fact of the trespass committed by the Appellee was absolutely ignored in both rulings of the Court and the bench trial, which makes the both rulings to be provocative and dubious in any legal definitions as well as in any public opinions. Since the magnitudes of the influences by Appellee on suppressing the issue of trespass and its consequences are still unknown and on, it can be claimed here that the both rulings are suffered with plain *error* and manifestly against the weight of the evidence for not finding that Appellee had motivationally trespassed, caused damages and now its influences are on.

(Sic passim.)

{¶ 11} Initially, we note that, if objections are filed, a trial court undertakes a de novo review of a magistrate's decision. *See Mayle v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-541, 2010-Ohio-2774, ¶ 15. "However, the appellate standard of review

when reviewing a trial court's adoption of a magistrate's decision is an abuse of discretion." *Id.* Therefore, we will only reverse a trial court's adoption of a magistrate's report if the trial court acted in an unreasonable or arbitrary manner. *Id.*

{¶ 12} Upon filing objections to the magistrate's decision, appellant had a duty to file a transcript or affidavit of the evidence presented, as well. "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii).

{¶ 13} Appellant had a similar duty when he filed this appeal pursuant to App.R. 9. "The duty to provide a transcript for appellate review falls upon the appellant." *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199 (1980). This is so because it is the appellant's burden to demonstrate error by reference to matters in the record. *Id.,* citing *State v. Skaggs,* 53 Ohio St.2d 162 (1978). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp* at 199. *Charlot v. Desinor*, 10th Dist. No. 12AP-76, 2012-Ohio-3921. We understand that throughout this process, appellant has represented himself and, thus, we say he has proceeded pro se. Nevertheless, the Supreme Court of Ohio has held that "the mere fact that he is a pro se litigant does not entitle him to ignore the requirements of the local appellate rule[s]. ' "[P]ro se litigants * * * are held to the same standard as litigants who are represented by counsel." ' " *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, ¶ 1, quoting *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist.2001).

{¶ 14} Appellant provided the trial court and this court with an excerpt of the transcript of the trial, pages 101 through 105, and nothing more. This excerpt reveals a dialogue between the magistrate and appellant where the magistrate tells appellant that his questions regarding trespass are irrelevant. The magistrate further tells appellant that Judge Bender decided the trespass would not be an issue at the trial. She informs him

that he is not permitted to ask questions regarding trespass and that his exhibits would not be admitted. The magistrate also tells appellant that he did not file a counterclaim, and appellant responds that he did file a counterclaim. Appellant persists with his questioning regarding trespass, unfair practice, and abuse of process, and the magistrate instructs the witness not to answer the questions. The magistrate informs appellant that he cannot testify without being under oath. The magistrate continues to tell appellant that his questions regarding trespass, unfair practice, and abuse of process are not relevant. Appellant continues to insist that they are. The magistrate warns appellant that, if he mentions trespass, unfair practice, and abuse of process again, she will hold him in contempt. She again informs him that Judge Bender has ruled these issues are not relevant. Appellant concludes his questions, and the magistrate dismisses the witness. It is unclear from this excerpt the identity of the witness being questioned and whether the questioning was taking place as direct or cross-examination.

{¶ 15} Assignment of error one (a)(i) (regarding Civ.R. 15(B) only), (a)(iii), and (b), assignment of error three (a) and (b), and assignment of error four can be summarized as appellant's assertion that the trial court erred: (1) in denying his motion for leave to file a counterclaim for trespass, unfair practices, and abuse of process, (2) in excluding questions and evidence regarding the same, and (3) in not holding Wells Fargo in contempt for the same.

{¶ 16} A review of the trial court record shows that, in response to the complaint, appellant filed a letter, which met the criteria of an appearance. However, even if considered an answer, nothing therein could be construed as a counterclaim. Thus, at that point, the pleadings were closed. Once the pleadings were closed, he was required to seek leave of the court to file a counterclaim. Civ.R. 13(A), (E), and (F), and Civ.R. 15(A).

{¶ 17} On March 16, 2012, appellant filed a motion for "an order for the inclusion of the fact of recent incident that took place at my house." On June 21, 2012, appellant filed a "Motion to dismiss the captioned foreclosure case and grant a Recovery-Judgment for the damages including exemplary damages resulting from the trespass committed by the Plaintiff." On June 22, 2012, appellant filed a "Prehearing Brief on trespassing issue." On July 5, 2012, appellant filed a "Reply-memo: Plaintiff's claims are disputed." In all of these documents, he made allegations that the "mortgage company" trespassed in his

home, and, in some of these documents, he requested damages. Even if, for the sake of argument, we were to construe these documents as an effort on behalf of appellant to file a counterclaim, we do not see a request for leave to file such a counterclaim. Furthermore, although, as summarized above, the five-page excerpt of the transcript provided by appellant reveals a dialogue between the magistrate and appellant addressing this issue, without the entire transcript, we do not know whether, during the course of the trial, if appellant requested leave to file these documents to be deemed a counterclaim, made a motion pursuant to Civ.R. 15(B), or if the magistrate addressed the matter further.

{¶ 18} Also, although we do not see anything in the trial court record in the form of a written court order excluding references to trespass, unfair practices, and abuse of process, without the entire transcript, it is impossible for us to determine if the trial court ruled on this issue and any motion for leave to file a counterclaim orally at one of the pre-trial status conferences. Therefore, we have no choice but to presume the validity of the magistrate's reference to a ruling Judge Bender made to exclude/suppress questions and evidence regarding trespass, unfair practices, and abuse of process. Furthermore, when a trial court does not expressly rule on a motion, it is presumed the court denied it. *State ex rel. Forsyth v. Brigner*, 86 Ohio St.3d 299, 300 (1999) ("it is evident here that even assuming no express ruling on the pretrial motion, the trial court overruled" it); *Huntington Natl. Bank v. Bywood, Inc.*, 10th Dist. No. 12AP-994, 2013-Ohio-2780, ¶ 5 ("Generally, when a trial court enters judgment without expressly ruling on a pending motion, it is presumed that the court overruled the motion.").

{¶ 19} We also do not see anything in the trial record or the transcript that appellant moved for contempt of court against Wells Fargo. Thus, with respect to these assignments of error, we find the trial court did not abuse its discretion in denying the objections and adopting the magistrate's decision. Accordingly, we overrule appellant's assignment of error one (a)(i) (regarding Civ.R. 15(B) only), (a)(iii), and (b), assignment of error three (a) and (b), and assignment of error four.

{¶ 20} Assignments of error one (a)(iv) and three (c) can be summarized as appellant's assertion that the trial court erred in applying court rules to the trial. Here, once again, without the entire transcript, we have no choice but to presume the validity of the trial court's proceedings. Thus, with respect to this assignment of error, we find the

trial court did not abuse its discretion in denying the objections and adopting the magistrate's decision. Therefore, we find the trial court did not err and overrule appellant's assignment of error one (a)(iv) and 3(c).

{¶ 21} Assignments of error one (a)(i) (regarding Civ.R. 39(A)(1) and (B)) and three (d) can be summarized as appellant's assertion that the trial court erred in not conducting a jury trial because: (1) appellant requested the same, and (2) the damages exceeded the $7,500 limit for trials before a magistrate. Trial by jury is a substantive, fundamental right protected by the Seventh Amendment to the U.S. Constitution and Ohio Constitution, Article I, Section 5. *Soler v. Evans, St. Clair & Kelsey*, 94 Ohio St.3d 432, 437 (2002). Civ.R. 38 states that the right to trial by jury shall be preserved to the parties inviolate. "Any party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefor at any time after the commencement of the action and *not later than fourteen days* after the service of the last pleading directed to such issue." (Emphasis added.) Civ.R. 38(B). However, "[t]he failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(D) constitutes a waiver by him of trial by jury." Civ.R. 38(D). Appellant points us to Civ.R. 39(A)(1) and (B). Civ.R. 39(A) does state: "When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury." Civ.R. 39(A), however, also allows a court to not proceed with a jury trial if "(2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist." Furthermore, Civ.R. 38(B) states: "Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court."

{¶ 22} Appellant filed a motion to request a jury trial on October 2, 2012. If we consider appellant's appearance filed on February 22, 2011 to be an answer and therefore the close of pleadings, this request would be filed well after the deadline for filing a jury demand. We see also from the record that, on February 26, 2013, appellant filed a notice of jury deposit. However, there was no attestation that the clerk of courts received the $300 deposit and no receipt number indicated on the form. The notice was not signed by

a deputy clerk, leading us to believe that no such deposit was made. On March 18, 2013, after the bench trial was held, appellant filed a renewed motion for jury trial. Appellant's demand for jury trial was untimely; thus, he waived his right to a jury trial, and the trial court did not err in conducting a bench trial.

{¶ 23} Appellant also argues that the court was required to hold a jury trial because the damages claimed exceeded the $7,500 limit for trials before a magistrate. We are unaware of any such limit. On November 7, 2012, the trial court filed an order of reference, pursuant to Civ.R. 53 and Loc.R. 99.02 of the Franklin County Court of Common Pleas, and referred the case to the magistrate for a bench trial. Civ.R. 53(A) authorizes the appointment of magistrates. Civ.R. 53(C)(1) provides: "To assist courts of record and pursuant to reference under Civ.R. 53(D)(1), magistrates are authorized, subject to the terms of the relevant reference, to do any of the following: * * * (b) Conduct the trial of any case that will not be tried to a jury." Loc.R. 99.02(A) states that a magistrate shall hear any trial or hearing which is referred to him or her by the trial judge on any issue or issues as to which the jury right has been waived. Here, because appellant waived his right to a jury trial by not demanding such right in a timely manner, we find no error in the trial court referring the case to the magistrate for a bench trial. Thus, with respect to these assignments of error, we find the trial court did not abuse its discretion in denying the objections and adopting the magistrate's decision.

{¶ 24} Accordingly, we overrule assignment of error one (a)(i) (regarding Civ.R. 39(A)(1) and (B)) and assignment of error three (d).

{¶ 25} Assignment of error two (a), (b), and (c) can be summarized as appellant's assertion that the trial court erred in adopting the magistrate's decision because it was against the manifest weight of the evidence. Again, without a transcript, we cannot address assignment of error two, as we have nothing to pass upon, and, thus, we must presume the validity of the trial court's weighing of the evidence presented and affirm. Therefore, with respect to this assignment of error, we find the trial court did not abuse its discretion in denying the objections and adopting the magistrate's decision.

{¶ 26} Accordingly, we overrule assignment of error two (a), (b), and (c).

{¶ 27} Finally, as we have found no error, we also find no violation of due process as asserted in assignment of error one (a)(ii) and no error in not granting a mistrial as

asserted in assignment of error one (a). Also, due to lack of a transcript, we do not know whether appellant even moved for a mistrial. Accordingly, we overrule assignment of error one (a)(ii) and one (a).

{¶ 28} For the foregoing reasons, all of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and CONNOR, JJ., concur.

————————————