[Cite as *Young v. Norris*, 2018-Ohio-3688.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Yvonne Young, | : | |
| Petitioner-Appellee, | : | No. 17AP-839 |
| v. | : | (C.P.C. No. 01JC-923) |
| Gerald L. Norris, | : | (REGULAR CALENDAR) |
| Respondent-Appellant. | : | |

### D E C I S I O N

#### Rendered on September 13, 2018

**Argued:** *Yvonne Young*, pro se.

**On brief:** *Gerald L. Norris*, pro se.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

SADLER, J.

{¶ 1} Respondent-appellant, Gerald L. Norris, appeals from the judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, approving and adopting the Administrative Adjustment Recommendation to his child support order filed by the Franklin County Child Support Enforcement Agency ("FCCSEA"). For the following reasons, we affirm the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In 2001, petitioner-appellee, Yvonne Young, filed a complaint to set child support for a minor child fathered by appellant, and an order of support was filed in January 2002. The order of support notes that "[e]ach party to this support order must notify the child support enforcement agency in writing of his or her current mailing address,

current residence address * * * and of any changes in that information." (Jan. 3, 2002 Order of Support at 2.) In 2006, service instructions, also designated in the record as address maintenance, indicates a Valerie Street (Grove City) address for appellant.

{¶ 3} In January 2012, the FCCSEA filed an Administrative Adjustment Recommendation (Form JFS 07724) and child support computation worksheet. The Administrative Adjustment Recommendation as well as the instructions for service by ordinary mail pursuant to Civ.R. 58(B), which is also indicated as an address maintenance item in the record, provide a Parkside Court (Hilliard) address for appellant. In March 2012, the trial court filed an entry noting no objections were filed to the Administrative Adjustment Recommendation and ordering the Administrative Adjustment Recommendation approved and adopted as an order of the court. The instructions for service by ordinary mail for the trial court entry lists the Hilliard address for appellant.

{¶ 4} The next Administrative Adjustment Recommendation and child support computation worksheet filed by FCCSEA occurred roughly five years later on October 18, 2017. The Administrative Adjustment Recommendation provides notice that appellant had the right to request an administrative adjustment hearing if he disagreed with the results and that such request must be received within 14 calendar days plus 3 business days of the date the notice was mailed. The notice further provided that if appellant did not request an administrative adjustment hearing or a court hearing within that time frame, a new support order would issue incorporating the Administrative Adjustment Recommendation findings. The request for service by ordinary mail for the Administrative Adjustment Recommendation and computation worksheet was addressed to appellant at the Hilliard, Ohio address.

{¶ 5} On November 15, 2017, the trial court filed an entry stating the parties were served with a copy of the Administrative Adjustment Recommendation calculated by the FCCSEA and neither party objected to the recommendation. The trial court approved and adopted the Administrative Adjustment Recommendation as a court order. The accompanying form and addendum, as well as the request for service by ordinary mail, state an Embridge Lane (Dublin) address for appellant.

{¶ 6} Appellant filed a timely appeal.

## II.  ASSIGNMENTS OF ERROR

{¶ 7}  Appellant assigns the following as trial court error:

> [1.] THE TRIAL COURT ERRED IN GRANTING PETITIONER-APPELLEE, YVONNE YOUNG, THE ADMINISTRATIVE ADJUSTMENT RECOMMENDATION CALCULATED BY THE FRANKLIN COUNTY CHILD SUPPORT ENFORCEMENT AGENCY (FCCSEA). PETITIONER-APPELLANT, GERALD L. NORRIS, WAS NOT SERVED WITH A COPY OF THE ADMINISTRATIVE ADJUSTMENT RECOMMENDATION, THEREFORE WAS NOT GIVEN THE OPPORTUNITY TO OBJECT THE CALCULATED FINDINGS PER THE ENTRY FILED ON 10/18/2017.
>
> [2.] THE TRIAL COURT ERRED IN THE FINAL CALCULATIONS STATED IN THE ADMINISTRATIVE ADJUSTMENT RECOMMENDATIONS CALCULATED BY THE FRANKLIN COUNTY CHILD SUPPORT ENFORCEMENT AGENCY (FCCSEA) UNDER THE ADJUSTMENTS TO INCOME, LINE 9 (ANNUAL COURT-ORDERED SUPPORT PAID FOR OTHER CHILDREN).

## III.  STANDARD OF REVIEW

{¶ 8}  Generally, in reviewing matters concerning child support, appellate courts look at whether the trial court abused its discretion.  *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989).  Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  However, questions of law are reviewed de novo. *Fraley v. Estate of Oeding*, 138 Ohio St.3d 250, 2014-Ohio-452, ¶ 11.

## IV.  LEGAL ANALYSIS

### A.  Appellant's First Assignment of Error

{¶ 9}  In his first assignment of error, appellant contends the trial court erred in granting appellee the child support adjustment calculated by FCCSEA because he was not served with a copy of the October 18, 2017 Administrative Adjustment Recommendation and therefore did not have the opportunity to object to the calculated findings.  For the following reasons, we disagree with appellant.

{¶ 10}  "[A] child support enforcement agency, an obligor, or an obligee may initiate an administrative review of a child support order."  *Burton v. Harris*, 10th Dist. No. 12AP-

518, 2013-Ohio-1058, ¶ 12 (10th Dist.); R.C. 3119.60; Ohio Adm.Code 5101:12-60-05.3. R.C. 3119.60 through 3119.79 and Ohio Adm.Code 5101:12-60 govern the administrative and judicial process of reviewing child support orders. Generally speaking, FCCSEA must schedule a review date and provide the parties with an Administrative Review Notification to the last known address of the parties in order for the parties to submit required evidence. Ohio Adm.Code 5101:12-60-05.3. When the Administrative Review Notification is returned to FCCSEA as undeliverable, the FCCSEA must proceed with the calculation using information provided by the requesting party and reasonable assumptions for imputed income for the non-requesting party. Ohio Adm.Code 5101:12-60-05.4(A)(1). This is because the undeliverable notice "indicat[es] that the non-requesting party failed to comply with the address reporting requirements specified in the existing support order." Ohio Adm.Code 5101:12-60-05.4(A)(1). It is not necessary for either party to be present at the administrative review. Ohio Adm.Code 5101:12-60-05.3(E)(5).

{¶ 11} After the agency calculates a revised amount of child support, the FCCSEA incorporates the findings into an Administrative Adjustment Recommendation. Ohio Adm.Code 5101:12-60-05.4(C). The Administrative Adjustment Recommendation must incorporate notice of the revised amount of child support, the right to request an administrative hearing on the revised amount, and the procedures and time deadlines for requesting the hearing. R.C. 3119.63(B); Ohio Adm.Code 5101:12-60-05.5(A).

{¶ 12} If the non-requesting party's copy of the previous Administrative Review Notification was returned as undeliverable, FCCSEA holds off on delivering the Administrative Adjustment Recommendation and instead issues an Administrative Review Pending Notice. Ohio Adm.Code 5101:12-60-05.4(C). Otherwise, FCCSEA issues a copy of the Administrative Adjustment Recommendation to each party to the child support order by regular mail. Ohio Adm.Code 5101:12-60-05.4(C). The Administrative Adjustment Recommendation is considered to have been received by the parties three business days after the issuance date. Ohio Adm.Code 5101:12-60-05.5(B).

{¶ 13} Unless the parties request an administrative hearing on the proposed change within 14 days after receipt of the notice, the revised amount of child support will be submitted to the court for inclusion in a revised court child support order. R.C. 3119.63(B) and (F); Ohio Adm.Code 5101:12-60-05.5(A)(1). More pointedly, "[i]f neither the obligor

nor the obligee requests a court hearing on a revised amount of child support to be paid under a court child support order in accordance with [R.C. 3119.63], the court *shall* issue a revised court child support order to require the obligor to pay the revised amount of child support calculated by the child support enforcement agency." (Emphasis added.) R.C. 3119.65.

{¶ 14} In this case, appellant contends that he knew an administrative review was taking place, noting "[t]he review was schedule for 10/16/2017" and "was a desk review and it was not necessary for either party to be present, therefore, a notice of the results would be forwarded to both parties by mail with further instructions." (Appellant's Brief at 4.) According to appellant, he awaited notice of the Administrative Adjustment Recommendation and made several unsuccessful attempts to contact the FCCSEA case worker to ask when the notice of the results would be mailed.[1] Appellant states he was then notified by mail of the November 15, 2017 entry of the trial court approving and adopting the Administrative Adjustment Recommendation as an order of the court based on his lack of objection. Appellant essentially contends that because he was not served with the Administrative Adjustment Recommendation, the trial court erred in upholding the Administrative Adjustment Recommendation calculated by FCCSEA. His argument fails for several reasons.

{¶ 15} First, "[t]he burden of affirmatively demonstrating error on appeal rests with the [appellant]." *Miller v. Johnson & Angelo,* 10th Dist. No. 01AP-1210, 2002-Ohio-3681, ¶ 2; *see also* App.R. 9 and 16(A)(7). Pursuant to App.R. 16(A)(7), "[t]he appellant shall include in its brief, under the headings and in the order indicated, all the following: * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, *with citations to the authorities, statutes, and parts of the record on which appellant relies.*" (Emphasis added.) A pro se litigant is held to the same standard as a litigant represented by counsel and must meet the requirements of the appellate rules. *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688; *Wells Fargo Bank, N.A. v. Rahman,* 10th Dist. No. 13AP-376, 2013-Ohio-5037, ¶ 13. Beyond citing "sections 3119.60 through 3119.71 of the Ohio Revised Code" generally, appellant has not provided any legal

---

[1] This information is not contained in the appellate record.

authority in support of his contention that service was improper on the facts of this case. (Appellant's Brief at 4.)  As such, appellant has not met his burden in demonstrating error on appeal in this regard.

{¶ 16}  Regardless, appellant's argument regarding lack of service fails on the merits. We note that the last service instruction and address maintenance item in the record listed prior to issuance of the Administrative Adjustment Recommendation indicates a Parkside Court (Hilliard) address for appellant.  Under the general civil rules related to service of written notices subsequent to the original complaint, a document is properly served by, among other options, mailing it to the person's last known address.  Civ.R. 5(B)(2)(c); Civ.R. 58(B); Juv.R. 20(B).  If appellant moved from the Hilliard address, the record provides no indication appellant complied with the address reporting requirements specified in the support order and as emphasized in the administrative code.

{¶ 17}  Moreover, FCCSEA followed the specific administrative procedure for issuing appellant a copy of the Administrative Adjustment Recommendation in the absence of a prior indication that mail was returned undeliverable at the Hilliard address.  Appellant does not argue that he did not receive the initial Administrative Review Notification for the 2017 review at the Hilliard address and states in his appellate brief that he did know the review was occurring on a certain date.  The record is devoid of any indication, such as an undeliverable return or an Administrative Review Pending Notice under Ohio Adm.Code 5101:12-60-05.4(C), which would indicate appellant did not receive the initial Administrative Review Notification.  This is relevant because in the absence of a return of the Administrative Review Notification as undeliverable, FCCSEA was obligated, pursuant to Ohio Adm.Code 5101:12-60-05.4(C), to issue a copy of the Administrative Adjustment Recommendation to appellant by regular mail, and three days after the issuance date, the Administrative Adjustment Recommendation was deemed received by the parties under Ohio Adm.Code 5101:12-60-05.5(B).

{¶ 18}  With neither party requesting a hearing on the Administrative Adjustment Recommendation of child support, the trial court was mandated by statute to adopt FCCSEA's recommendation.  R.C. 3119.65.  *See also Snell v. Andrews*, 8th Dist. No. 99205, 2013-Ohio-2915, ¶ 9-10 (finding the trial court did not abuse its discretion in adopting FCCSEA's recommendation pursuant to the mandates of R.C. 3119.65 where the parties

were notified of the Administrative Adjustment Recommendation and neither party requested a hearing on the revised amount of child support). Therefore, because no error in service has been demonstrated with regard to the Administrative Adjustment Recommendation in this case, appellant's assignment of error lacks merit.

{¶ 19} Accordingly, appellant's first assignment of error is overruled.

### B. Appellant's Second Assignment of Error

{¶ 20} In his second assignment of error, appellant contends that the trial court erred in the final calculations stated in the Administrative Adjustment Recommendation under the adjustment to income, line 9 (annual court-ordered support paid for other children). In the first assignment of error, we already found that appellant was properly notified of the Administrative Adjustment Recommendation, and neither party requested a hearing on the revised amount of child support. As such, the trial court was statutorily obligated to adopt FCCSEA's recommendation. R.C. 3119.65; *Snell.* As a result, appellant's second assignment of error related to alleged errors used in the calculation of child support is moot.

{¶ 21} Accordingly, appellant's second assignment of error is rendered moot.

## V. CONCLUSION

{¶ 22} Having overruled appellant's first assignment of error and rendering appellant's second assignment of error moot, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.

_____