[Cite as *Abu-Arish v. Badawi*, 2024-Ohio-350.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Waseem Abu-Arish, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 23AP-312 |
| v. | : | (C.P.C. No. 19CV-8883) |
| Madhi Badawi et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees, | : | |
| Nationwide ATM, Inc., an Ohio Corporation, | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on February 1, 2024

**On brief:** *Arenstein & Andersen Co., LPA*, and *Jessica L. Sohner*, for appellee, Waseem Abu-Arish.

**On brief:** *ALH Law Group*, and *Allison L. Harrison*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Defendant-appellant, Nationwide ATM, Inc. ("Nationwide ATM"), appeals from a judgment of the Franklin County Court of Common Pleas adopting the magistrate's decision and entering judgment in favor of plaintiff-appellee, Waseem Abu-Arish, in the amount of $16,350 plus interest.

**I. Facts and Procedural History**

{¶ 2}   Around November 2012, Abu-Arish and defendant-appellee, Madhi Badawi, jointly invested funds to organize and operate a business entity called Automatic Transactions, Inc.  In April 2014, Abu-Arish and Badawi founded Nationwide ATM.  Abu-Arish claimed the ownership interest of Nationwide ATM was subsequently reallocated so that Abu-Arish and Badawi possessed equal ownership interests, with a small minority stake granted to a third party.

{¶ 3}   By March 2016, Abu-Arish and Badawi had jointly founded two additional businesses.  In 2018, however, the professional and personal relationship between Abu-Arish and Badawi deteriorated to such a degree that Badawi sought to break ties with Abu-Arish altogether.  On October 26, 2018, in his capacity as co-owner of Nationwide ATM, Badawi presented Abu-Arish with an agreement to terminate the business relationship between the two partners and establish a five-year non-compete agreement.  Abu-Arish also signed a document entitled "Receipt of Payments," which stated the following:

> As of the day of signing this Notice, I acknowledge and affirm that Nationwide ATM Inc. does not owe me any unpaid balances and I do not have any interest in the Company in any form.
>
> I received the following payments:
>  1. Payment 1: $25,000.00
>  2. Payment 2: Satisfaction of loans in the amounts of
>       a. $5,500.00;
>       b. $3,000.00; and
>       c. $2,000.00.
>  3. Payment 3: $40,000.00
>  4. Checks to satisfy Payment 4:  $33,000.00.

(Oct. 21, 2021 Mot. for Summ. Jgmt. Ex. D.)

{¶ 4}   In order to compensate Abu-Arish's interests in the jointly owned businesses, Abu-Arish agreed to accept a settlement payment of $108,500 from Nationwide ATM. Abu-Arish received the first three payments prior to executing the agreement, but the fourth payment's structure partly consisted of postdated checks to be cashed after the date of the agreement.  On the fourth payment, Abu-Arish received $16,650 in ATM coins and

successfully cashed checks. Abu-Arish asserts, however, Nationwide ATM and Badawi refused to honor $16,350 of the remaining postdated checks.

{¶ 5} On November 5, 2019, Abu-Arish filed a complaint against Badawi, Nationwide ATM, and a third jointly owned company, Hilliard Farm Fresh, Inc. (collectively "defendants"), alleging six causes of action: (1) breach of verbal contract; (2) breach of contract; (3) unjust enrichment; (4) declaratory action; (5) declaratory judgment; and (6) promissory estoppel or detrimental reliance. On December 1, 2019, defendants filed an answer and counterclaim for breach of contract.

{¶ 6} On October 21, 2021, defendants jointly filed a motion for summary judgment. On November 1, 2021, Abu-Arish filed a motion for partial summary judgment on his contract claim against defendants. In an order and entry dated March 11, 2022, the trial court denied Abu-Arish's motion for partial summary judgment and denied defendants' motion for summary judgment on all but the declaratory action and declaratory judgment counts. Accordingly, the trial court's order determined the case would proceed to trial on Counts 1, 2, 3, and 6. Pursuant to Civ.R. 53 and Loc.R. 99.02 of the Franklin County Court of Common Pleas, the trial court referred the case to a magistrate for a bench trial.

{¶ 7} The magistrate presided over a bench trial on December 2, 2022, and filed a decision on December 21, 2022. In reference to the testimony of Badawi and his brother, the magistrate stated he "has rarely seen testimony so thoroughly discredited at trial." (Dec. 21, 2022 Mag.'s Decision at 6.) The magistrate concluded Badawi "issued the checks to pay [Abu-Arish] amounts owed under the [a]greement, and later stopped payment on the checks." (Dec. 21, 2022 Mag.'s Decision at 7.) Accordingly, the magistrate found Abu-Arish was entitled to judgment against Nationwide ATM in the amount of $16,350 plus interest. No objections were filed to the magistrate's decision.

{¶ 8} On April 26, 2023, the trial court adopted the magistrate's decision, entering judgment in favor of Abu-Arish and against Nationwide ATM in the amount of $16,350 plus interest. Nationwide ATM timely appeals.

## II. Assignments of Error

{¶ 9}   Nationwide ATM presents the following two assignments of error for our review:

> [I.] Magistrate acted outside the scope by questioning counsel on hypotheticals.
>
> [II.] The decision was against the manifest weight of the evidence.

## III. Analysis

{¶ 10} Two procedural issues impede our consideration of Nationwide ATM's appeal.  First, Nationwide ATM failed to file written objections to the magistrate's decision. "[A]ny party that failed to object to the magistrate's decision before the trial court cannot raise objections before the appellate court except to assert that plain error is evident in the trial court's decision." *Davis v. Davis*, 10th Dist. No. 17AP-664, 2018-Ohio-3180, ¶ 9. *See* Civ.R. 53(D)(3)(b)(iv) ("Except for a claim of plain error, a party may not appeal a trial court's adoption of a magistrate's factual finding or legal conclusion unless the party has first objected to that finding or conclusion in the trial court."); *Community Properties of Ohio Mgt. v. Smith*, 10th Dist. No. 22AP-322, 2023-Ohio-540, ¶ 12.

{¶ 11} Second, Nationwide ATM failed to file a transcript of the bench trial proceedings into the record. "A party that disagrees with a magistrate's finding of fact must support an objection to the trial court with a transcript of all the [relevant] evidence submitted to the magistrate * * * and then ensure the transcript * * * is included in the appellate record for review." (Internal quotations omitted.) *Franklin Cty. Child. Servs. v. Copley*, 10th Dist. No. 22AP-159, 2022-Ohio-3406, ¶ 12, quoting Civ.R. 53(D)(3)(b)(iii) and App.R. 9(B)(1). "The duty to provide a transcript for appellate review falls upon the appellant.  This is because the appellant bears the burden of showing error by reference to matters in the record." (Internal quotations omitted.) *Lee v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 06AP-625, 2006-Ohio-6658, ¶ 10, quoting *Dailey v. R & J Commercial Contracting, Inc.*, 10th Dist. No. 01AP-1464, 2002-Ohio-4724, ¶ 17, quoting *Fleisher v. Siffrin Residential Assn., Inc.*, 7th Dist. No. 01-CA-169, 2002-Ohio-3002, ¶ 25. "Absent a transcript, this court must presume the regularity of the proceedings below and

affirm the trial court's decision." *Id.*, citing *Edwards v. Cardwell*, 10th Dist. No. 05AP-430, 2005-Ohio-6758, ¶ 4-6.

{¶ 12} In its first assignment of error, Nationwide ATM argues the magistrate inappropriately asked counsel hypothetical questions during the bench trial. Nothing in the limited record before us suggests the magistrate or the trial court relied upon or even considered any hypothetical scenario. Without a transcript of the bench trial proceedings, we are unable to review specific statements the magistrate purportedly made at trial. Thus, we must presume the regularity of the proceedings below. *Lee* at ¶ 10. It is therefore not possible for us to find error, let alone plain error, in the trial court's adoption of the magistrate's decision. Accordingly, we overrule Nationwide ATM's first assignment of error.

{¶ 13} In its second assignment of error, Nationwide ATM argues the trial court's decision was against the manifest weight of the evidence. "The lack of a transcript * * * precludes an assessment of whether the evidence supports the trial court's conclusions or if the judgment is against the manifest weight of the evidence." *Reproductive Gynecology, Inc. v. Wu*, 10th Dist. No. 22AP-141, 2023-Ohio-2557, ¶ 37. Again, without a transcript, we must presume the regularity of the proceedings below. *Lee* at ¶ 10. Nothing in the available record impugning such a presumption, "in the absence of a transcript we are required to find that the trial court was correct." *Wu* at ¶ 38, citing *Terrell v. Morgan Furniture*, 11th Dist. No. 2022-T-0033, 2022-Ohio-3981. *See Wells Fargo Bank, N.A. v. Rahman*, 10th Dist. No. 13AP-376, 2013-Ohio-5037, ¶ 25 (concluding that, "without a transcript, * * * we have nothing to pass upon, and, thus, we must presume the validity of the trial court's weighing of the evidence presented and affirm"). Accordingly, we overrule Nationwide ATM's second assignment of error.

## IV. Conclusion

{¶ 14} Having overruled Nationwide ATM's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

———————————